

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,983-01

### EX PARTE VICTOR VEE-JAY JOHNSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 24639A-86 IN THE 86th DISTRICT COURT FROM KAUFMAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of manufacture or delivery of a controlled substance and sentenced to ten years' imprisonment on each count. He did not appeal his conviction.

Applicant contends, *inter alia*, that his plea was involuntary because the plea agreement cannot be followed as it involves concurrent federal time credit and it has not been followed as it involves his plea to the lesser included offense of possession of a controlled substance in each count.

In response to Applicant's claim regarding the federal time credit provision of the plea agreement, the trial court entered a timely order designating issues (ODI) on April 26, 2012. In the ODI, the trial court set out the following two issues for resolution:

1. Whether applicant is receiving time credit on his federal sentence in cause number 6:06CR00085-002 for the time spent in State custody in the instant case.

2. If applicant is not receiving time credit on his federal sentence for time in State custody on the instant case, whether trial counsel for the defense rendered constitutionally inadequate representation.

However, the issues designated in the ODI were not resolved and the application has been forwarded to this Court without any findings of fact or conclusions of law having been entered by the trial court.

Also, the record before us reflects there is a conflict between the offense listed on the judgment and the offense to which Applicant entered his plea of guilty.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim that his plea was involuntary. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law resolving the issues set out

in its ODI. The trial court shall also make findings of fact and conclusions of law as to whether the Applicant pled guilty to manufacture or delivery of a controlled substance as listed on his judgment. And, if he did not, whether the Texas Department of Criminal Justice is properly listing his conviction as being for possession of a controlled substance. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 4, 2015
Do not publish